IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RADAMES TORRES-GONZALEZ

Plaintiff

v.

HIMA SAN PABLO CAGUAS, ET AL

Defendants

**CIVIL NO. 09-1463 (SEC)**

**OPINION AND ORDER**

On July 14, 2009, Centro Medico del Turabo, Inc. d/b/a HIMA San Pablo Caguas ("HIMA") filed a motion to dismiss. Docket # 16. The Municipality of Caguas, and Borinquen Memorial filed respective motions for joinder. Dockets ## 24 and 27. Plaintiff Radames Torres-González ("Torres" or "Plaintiff") opposed (Docket # 28), the Municipality replied (Docket # 31), and Plaintiff filed a motion supplementing his prior opposition (Docket # 35). After reviewing the filings, and the applicable law, Defendant's motion to dismiss is **GRANTED**.

**Factual Background**

Plaintiff filed suit against HIMA, the Municipality of Caguas, and Borinquen Memorial (collectively "Defendants"), pursuant to diversity jurisdiction,[1] seeking relief under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 & 5142 (2007). According to the complaint, on January 13, 2009, Carlos I. Collazo-Torres ("Collazo") died in the intensive care unit at HIMA. Plaintiff avers that, after Collazo's death, HIMA did not place the body in the morgue allegedly because it did not fit due to Collazo's morbid obesity. Plaintiff argues that, as a result thereof, Collazo's body began to decompose, and was in an advanced state of decomposition when the funeral was held several days later. He further alleges that Borinquen Memorial refused to hold a service in the chapel because Collazo's family did not purchase the coffin and the mausoleum from said company, depriving him of "his

---

[1] Plaintiff is a resident of Columbus, Ohio.

right to wake his beloved cousin in the way he deserved." Docket # 1, p. 4. Additionally, Plaintiff avers that the Municipality of Caguas' cemetery employees mocked, laughed, and ridiculed their family because the coffin did not fit in a traditional funeral car, and instead was transported using a flatbed truck. Lastly, according to Plaintiff, due to the cemetery employees' failure to secure the coffin while lowering it into the grave, it fell five feet, and as a result, his cousin's body fell out of the coffin in the presence of all the mourners. Based on the foregoing, Plaintiff, as Collazo's cousin, seeks indemnization for the personal pain and suffering allegedly caused by Defendants' negligence.

On July 14, 2009, HIMA filed a motion to dismiss. Docket # 16. Therein, HIMA argues that this Court lacks subject-matter jurisdiction because Plaintiff's claim does not meet the amount in controversy requirement. HIMA also alleges that Plaintiff fails to state a claim arising under the state tort statute insofar as there is no "right to wake a beloved cousin." Docket # 16, p. 7. Shortly thereafter, Borinquen Memorial and the Municipality of Caguas joined HIMA's motion to dismiss. Dockets ## 24 and 27. In opposition, Plaintiff contends that, considering the allegations in the complaint, the amount in controversy exceeds $75,000. He further avers that Article 1802 extends to any negligent conduct that causes damages, and is not limited to a particular set of facts. On August 27, 2009, Plaintiff filed an unsworn declaration in support of his opposition, wherein he describes his relationship with Collazo, and the pain and suffering he endured as a result of Defendants' alleged negligence.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir.

**CIVIL NO. 09-1463 (SEC)**                                                                                                Page 3

2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction). Justiciability is a component of a court's subject matter jurisdiction, and, as such, must be reviewed following Rule 12(b)(1)'s standards. Sumitomo v. Quantum, 434 F. Supp. 2d 93 (D.P.R. 2006). A court faced with a Rule 12(b)(1) motion should give it preference. Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 37 (1st Cir. 2000).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). In this context, a court is empowered to resolve factual disputes by making reference to evidence in the record, beyond the plaintiff's allegations, without having to convert the motion to dismiss into one for summary judgment. Id. Moreover, "[w]here a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

**Applicable Law and Analysis**

The Supreme Court has held that, in order for the Court to hear a case, subject matter jurisdiction must "be established as a threshold matter." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Therefore this Court must first address any jurisdictional issue. Subject matter jurisdiction is granted to federal courts by either "28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, [or] § 1332, which provides for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Historically,

**Civil Case No 09-1463 (SEC)**

diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). In this case, there is complete diversity insofar as Plaintiff is a resident of Ohio, and all Defendants reside in Puerto Rico. However, Plaintiff must also show that he meets the amount in controversy requirement, that is, the matter in controversy exceeds $75,000, excluding interests and costs. See 28 U.S.C. § 1332.

When determining whether a party meets the amount-in-controversy minimum, the Court must apply the long standing test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 210 (D.P.R. 2009). The test requires that in performing this inquiry, the court use the sum claimed by the plaintiff "if the claim is apparently made in good faith." Spielman, 251 F. 3d at 5; see also Stewart v. Tupperware Corp., 356 F. 3d 335 (1st Cir. 2004). This general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. Notwithstanding, if the defendant challenges the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. This can be done by amending the pleadings or by submitting affidavits. Spielman, 251 F. 3d at 5. However, although the party may meet this burden by amending the pleadings, "jurisdiction is not conferred by the stroke of a lawyer's pen...[w]hen challenged it must be adequately founded in fact." Diefenthal v. C.A.B., 681 F. 2d 1039, 1052. A court must examine the complaint to determine whether "it is facially apparent that the claims exceed the jurisdictional amount," only when a plaintiff does not allege a specific amount of damages. St. Paul Reinsurance Co., Ltd. V. Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998). In that case, the court may rely on "summary-judgment type evidence to ascertain the amount in controversy." Id. Thus, the "legal certainty test has limited utility - in fact is inapplicable- when the plaintiff has alleged an indeterminate amount of damages." Id.

**Civil Case No 09-1463 (SEC)**

In his complaint, Plaintiff requests $400,000 for alleged pain and suffering, plus interest, costs, and attorney's fees. Based on the foregoing, he asserts that the amount in controversy requirement is met. In support thereof, Plaintiff cites a case in which a jury awarded $500,000 to each of the deceased's brothers, $350,000 to three other siblings, and $150,000, and $100,000 to the remaining siblings. However, said amounts were awarded as a result of their brother's death, which clearly differs from the facts of this case. Here, Plaintiff's claims are based upon his pain and suffering for the decomposition of his cousin's body, which in turn adversely affected the wake, and the cemetery employees' negligence while lowering the coffin into the grave. As previously stated, although a court may use the sum claimed by the plaintiff "if the claim is apparently made in good faith," this general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. Since Defendants question the amount requested by Plaintiff, he bears the burden of showing, "with sufficient particularity, facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount," by affidavit or amendments to the complaint. Stewart, 356 F. 3d at 338. This Court notes that Plaintiff did not move to amend the complaint. Moreover, upon reviewing Plaintiff's filings and unsworn statement, this Court finds that he fails to show, with sufficient particularity, facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount, that is, that his damages exceed $75,000. Therefore, Plaintiff has failed to meet the amount in controversy requirement, and this Court lacks subject-matter jurisdiction over the instant case.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 8th day of September, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas

**Civil Case No 09-1463 (SEC)**

U.S. District Senior Judge